UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARTIS ENGLAND,

                  Petitioner,           Case No. 2:18-cv-11707
                                                      Hon. Denise Page Hood
v.

J.A. TERRIS,

                  Respondent.
_____/

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION
## [Dkt. 5]

Federal prisoner Cartis England, ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, brought this action under 28 U.S.C. § 2241. Petitioner is serving a term of imprisonment for his July 23, 2009, United States District Court for the Western District of Michigan conviction of possession of images of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The petition claimed that the recent of Supreme Court decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (April 17, 2018), rendered the statute of conviction unconstitutionally vague and entitles him to his immediate and unconditional release. The Court summarily dismissed the petition because Petitioner failed to demonstrate that his remedy under 28 U.S.C. § 2255 was inadequate or

ineffective.

In his present motion for reconsideration Petitioner asserts that the Court incorrectly found that he had not yet filed a § 2255 proceeding. The Court will deny the motion because notwithstanding Petitioner's previous attempts at post-conviction review, he has failed to demonstrate entitlement to § 2241 relief.

**I. Background**

The Court quotes from the Western District Michigan's opinion denying Petitioner's § 2255 motion for a background of the criminal proceedings against Petitioner:

> [Following his guilty plea], on July 23, 2009, the Court sentenced [Petitioner] to 36 months in custody and 5 years of supervised release for possession of images of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). (*United States v. England*, No. 1:08-cr-215 (W.D. Mich.), J., ECF No. 57.) On May 2, 2013, the Court revoked Movant's supervised release and imposed a 46-month term of supervised release. (Id. at J. for Revocation, ECF No. 80.) On June 4, 2014, United States Probation Officer Smith visited Movant's residence and found violations of the conditions of supervised release. In response, Officer Smith filed a supervised release violation petition, alleging that Movant possessed child pornography, circumvented the probation officer's efforts to conduct a plain-view search of his home, accessed a computer, and lied to his probation officer about not accessing a computer. (Id. at Supervised Release Violation Pet., ECF No. 84.) On May 19, 2015, the Court found Movant guilty of those violations. The probation officer prepared an updated presentence report, and a psychological evaluation was conducted. During the sentencing hearing, Movant's daughter-in-law testified that she saw that Movant had a computer. On June 23, 2015, the Court sentenced Movant to the statutorily-mandated-minimum term of 5 years in custody. (Id. at J. for

2

Revocation, ECF No. 98.) Movant did not file a direct appeal.

*England v. United States*, 2017 WL 1030499, *1 (W.D. Mich. March 17, 2017).

Petitioner also filed a prior petition for writ of habeas corpus under § 2241 in this Court, asserting that the Comprehensive Crime Control Act of 1984 was unconstitutionally enacted. The petition was summarily dismissed. *England v. Terris*, No. 2:16-cv-10927, ECF No. 3 (E.D. Mich. April 1, 2016). Petitioner then filed a motion to vacate under 28 U.S.C. § 2255 in the Western District of Michigan, asserting the same claim, but the motion was denied in the opinion quoted above. Petitioner did not appeal either post-conviction review proceeding to the Sixth Circuit.

## II. Discussion

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

As explained in the order summarily dismissing the petitioner, when a federal prisoner wishes to challenge his conviction or the imposition of his sentence in a post-conviction review proceeding, he ordinarily must do so by filing a motion to vacate his sentence under § 2255 in the court of conviction. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). A federal prisoner may challenge "the legality of his detention" under § 2241 only "if he falls within the 'savings clause' of § 2255," which requires him to show that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of his detention." *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

"[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756. That is, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758.

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The

4

petitioner bears the burden of showing that a § 2255 remedy is inadequate. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). England has failed to allege or show that the remedy under § 2255 is inadequate or ineffective, therefore he may not obtain habeas relief under § 2241.

Petitioner continues to offer no explanation how the Supreme Court's decision in *Dimaya* entitles him to relief. Contrary to Petitioner's conclusory allegations, *Dimaya* does not render 28 U.S.C. § 2252, the statute of conviction, "similarly impermissibly vague." Dkt. 1, at "Attachment." *Dimaya* involved the Immigration and Nationality Act's definition of a "crime of violence" under the provisions of 18 U.S.C. § 16(b). 138 S.Ct. at 1211. Petitioner was convicted and sentenced after he pled guilty to child pornography crimes, and so *Dimaya* has no application to his conviction or sentence. See *Rogan v. United States*, Nos. 2:17-cv-139, 2:16-cr-0108, 2017 WL 680508, at *1-2 (S.D. Ohio Feb. 21, 2017) (*Dimaya* does not apply to the petitioner's firearm conviction under 924(c)); *United States v. Scott*, Case Nos. 1:14-cr-113, 1:17-cv-423, 2017 WL 2985065, at *2 (S.D. Ohio July 13, 2017) (noting that the relevance of *Dimaya* is difficult to understand where 18 U.S.C. § 16 played no part in the case).

Accordingly,

IT IS ORDERED that because Petitioner has failed to allege how his remedy

under § 2255 is inadequate or ineffective, his motion for reconsideration [Dkt. #5] is **DENIED.**

    **SO ORDERED.**

                                                    s/Denise Page Hood
                                                    Honorable Denise Page Hood
Dated: 2/22/2019                       United States District Judge